# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRICE N. MARCHBANKS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:17-cv-01402 ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MEMORANDUM

Pending before the court in this proceeding under 28 U.S.C. § 2255 is the respondent's motion to dismiss the matter as untimely. (Doc. No. 6.) The petitioner, Brice N. Marchbanks, has filed a response to the motion. (Doc. No. 7.) For the reasons that follow, and by order entered contemporaneously herewith, the respondent's motion to dismiss will be granted.

**I.     Background**

The petitioner was convicted by a jury of four federal offenses on September 29, 2014. (Case No. 3:09-cr-00240, Doc. No. 2714.) He was thereafter sentenced by this court to 248 months in prison. (*Id.*, Doc. No. 2783.) The petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on December 4, 2015. (*Id.*, Doc. No. 2862.) His petition for writ of certiorari was denied by the U.S. Supreme Court on October 3, 2016. (*Id.*, Doc. No. 2970.)

The petitioner then filed his pro se Motion to Vacate, Set Aside, or Correct Sentence under § 2255 in this court, arguing that his conviction should be set aside due to counsel's ineffectiveness in failing to object to the circumstantial nature of the government's proof that he knowingly joined a drug conspiracy or otherwise committed drug offenses. (Doc. No. 1.) Upon initial screening, the court noted that the § 2255 motion stated a colorable ineffective assistance claim, and directed the

respondent to plead or otherwise respond to it. (Doc. No. 3.)[1] The respondent subsequently filed its motion to dismiss, arguing that the petitioner's § 2255 motion was filed more than one year after his conviction became final and is therefore untimely.[2]

The petitioner's § 2255 motion was received in this court on October 25, 2017, and arrived in an envelope bearing a postmark of October 24, 2017. (Doc. No. 1 at 30.) The back of the envelope is stamped by the U.S. Penitentiary in Atlanta, Georgia, where the petitioner is incarcerated, with the message that "the enclosed letter was processed through special mailing procedures for forwarding to [the addressee]" without being opened or inspected. (Doc. No. 1-1 at 2.) This stamped message includes a field for indicating the date the mailing was processed, and the handwritten date of October 18, 2017 was supplied in that field. (*Id.*)

The petitioner's motion itself concludes with his declaration, under penalty of perjury, "that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on October 2, 2017," and his signature is also dated October 2, 2017. (*Id.* at 29.) These dates are typewritten on the motion, and there is also a typewritten "X" placed at the beginning of the line bearing the petitioner's handwritten signature. (*Id.*)

**II.    Analysis**

Pursuant to § 2255(f), and as pertinent here, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on

---

[1]    Contrary to the petitioner's argument in his response to the respondent's motion to dismiss, the court's order did not establish that his § 2255 motion was timely by failing to identify timeliness as an issue at the screening stage.

[2]    While the respondent's motion attaches the declaration of an official responsible for supervising mailroom operations, the court finds that the timeliness of the petitioner's § 2255 motion may be determined solely by reference to the motion and the envelope in which it was mailed.

2

which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f). The petitioner's conviction became final with the conclusion of direct review on October 3, 2016, when the U.S. Supreme Court denied certiorari. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001) (applying § 2255 and stating that "a conviction becomes final at the conclusion of direct review," and "direct review for a federal prisoner who files a petition for certiorari with the Supreme Court concludes when the Court either denies the petition or decides the case on the merits"). Accordingly, for the petitioner's § 2255 motion to be timely, it must have been filed on or before October 4, 2017.[3] The court received his motion in the mail on October 25, 2017, twenty-one days after the limitations period expired.

Rule 3(d) of the Rules Governing Section 2255 Proceedings applies to the determination of the timeliness of inmate filings, as follows:

> **(d) Inmate Filing.** A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d), Rules Gov'g § 2255 Proceedings; *see Sawyers v. United States*, No. 3:05-0428, 2005 WL 3088580, at *1 n.2 (M.D. Tenn. Nov. 17, 2005) (applying Rule 3(d) to determine date § 2255 motion was filed). This provision memorializes, in the § 2255 context, the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), in which the Supreme Court deemed a pro se prisoner's notice of appeal filed at the time he delivered it to prison authorities for mailing to the court clerk. *Id.* at 276.

---

[3] The one-year limitations period began to run on October 4, 2016, as the day that the Supreme Court denied certiorari is excluded from the count pursuant to Federal Rule of Civil Procedure 6(a)(1)(A).

3

Analyzing identical language in the context of determining the timeliness of a pro se inmate's notice of appeal, the Sixth Circuit concluded in *United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016), that only inmates who lack access to a legal mail system are *required* to file a declaration or notarized statement confirming the date of deposit and prepayment of postage.[4] In *Smotherman*, the Sixth Circuit noted that the inmate appellant had access to a legal mail system, and the government did not raise the argument that he failed to use that system or that he deposited his notice of appeal into that system after his filing deadline. Rather, the government argued in that case that the declaration which accompanied the inmate's filing was defective, not because it lacked the required information concerning date of deposit and the prepayment of first-class postage, but because the declaration was filed as a separate document from the notice of appeal. The Sixth Circuit rejected the government's argument, finding that even if the inmate had been required to file a declaration, the only defect in his declaration was a technical one, and "[t]o read a *pro se* document so strictly as to dismiss an appeal merely because a technical filing requirement like a required declaration appeared above the wrong page number, or under the wrong header, would defy the dictates of law." *Id.* at 739.

Here, the petitioner's use of the prison's special mail system is confirmed by a mailroom stamp reflecting a date of processing which conflicts with the date on his § 2255 motion. This case is thus distinguishable from *Smotherman* and other cases where there are only two dates that

---

[4] The *Smotherman* court noted that a new amendment to Federal Rule of Appellate Procedure 4(c) was scheduled to take effect on December 1, 2016, such that "[a] declaration, notarized statement, or evidence [such as a postmark or date stamp showing that the notice was so deposited and that postage was prepaid] will be required to accompany [an appellate filing] after the amendment takes effect, regardless of what sort of mailing system a prisoner has access to." *Smotherman*, 838 F.3d at 738. While Rule 3(d) has not been similarly amended, the Sixth Circuit observed that the amendment to Fed. R. App. P. 4(c) did not affect its reading of the previous language of the rule, as "the appellant always had the burden of proving timeliness in an appeal under Rule 4." *Id.* at 738–39.

straddle the expiration of the limitations period, one (earlier) date of signature and one (later) date when the filing was received in court. In such cases, the court would generally assume that the filing was delivered to the appropriate authorities for mailing on the day it was signed, though that assumption may be rebutted by a showing of contrary evidence. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Such contrary evidence is present in this case, as the petitioner's mailing bears a third date, which falls outside the limitations period and establishes that the prison has a system of special mailing procedures for forwarding letters without opening or inspecting them. The court finds this system to be a "system designed for legal mail" as contemplated in Rule 3(d).

In an attempt to explain the delay between the date that he signed the § 2255 motion and the date that it was processed through the special mail system, the petitioner argues that "during certain times the mailroom staff has to come to the inmates" on account of security concerns, resulting in Bureau of Prisons special mail "protocol and procedure . . . not always [being] followed." (Doc. No. 7 at 4.) He further argues that the prison did not require him "to sign any special mail log book," and therefore the respondent cannot establish that October 18, 2017 is the date he deposited his § 2255 motion for mailing through that system. (*Id.* at 5.)

But the burden lies with the petitioner to prove that he is entitled to benefit from the prison mailbox rule. *Grady v. United States*, 269 F.3d 913, 916–17 (8th Cir. 2001); *see Smotherman*, 838 F.3d at 738–39 (the inmate "always held the burden of proving timeliness" of appeal, under prison mailbox rule or otherwise). The petitioner does not assert that the prison's special mail system was unavailable to him due to security concerns on the day when he attempted to deposit his motion for mailing. Rather, he insists that his declaration under penalty of perjury that his § 2255 motion was placed "in the prison mailing system" on October 2, 2017 must control, "and any other date would be immaterial because the petitioner only swore to the date signed[.]" (Doc. No. 7 at 5.)

However, even if reliance on his declaration were appropriate despite the fact that the prison has a special mail system, the petitioner's declaration is ineffective because it does not include a statement that he deposited his motion in the prison mailing system with first-class postage prepaid. As is the case under the federal appellate rules, Rule 3(d) "requires the declaration to state only two things; 50% is not enough." *Curney v. United States*, No. 17-2193, 2017 WL 6762223, at *1 (6th Cir. Nov. 28, 2017) (quoting *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004)). "The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger." *Id.* The *Curney* court concluded that an inmate's mailing which lacked "evidence showing prepayment of postage . . . is not entitled to the benefit of the prison mailbox rule," as it allowed for the possibility that the inmate "dropped an unstamped [mailing] into the prison mail system, and it took a while to get him to add an envelope and stamp (or to debit his prison trust account for one)." *Id.* The petitioner's declaration here is likewise ineffective, particularly in light of the countervailing evidence that his § 2255 was not ready for mailing until the date it was stamped processed by the mailroom. *See generally Smotherman*, 838 F.3d at 737–38 (noting the utility of "corroborative evidence produced through the prison mailing system").

In short, the October 18, 2017 mailroom stamp is sufficient evidence to believe that the § 2255 motion was not deposited into the special mail system ready for mailing on October 2, 2017, when the petitioner appears to have signed the motion, but was deposited in that system too late to receive the benefit of Rule 3(d). *See Sawyers*, 2005 WL 3088580, at *1 n.2 ("The envelope in which the movant mailed his motion to the district court is stamped as having been delivered to the prison mailroom on May 21, 2005. Under Rule 3(d), Rules-Section 2255 Proceedings, this is the date that the movant is deemed to have filed this action."). The § 2255 motion was therefore not timely filed.

Although the one-year statute of limitations for filing a § 2255 motion is subject to equitable tolling, the petitioner has not argued that he is entitled to tolling in this case. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The Supreme Court has set forth a two-part test under which a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner's response to the motion to dismiss does not establish that he was diligent in pursuing his rights, nor does it identify any extraordinary circumstance that prevented him from filing timely. He is therefore not entitled to equitable tolling.

### III. Conclusion

The petitioner's § 2255 motion was filed after the statute of limitations expired, and he has not asserted any grounds for equitable tolling. The court will therefore grant the respondent's motion to dismiss this action as untimely.

To obtain a certificate of appealability from the denial of a § 2255 motion on procedural grounds, the applicant must show that reasonable jurists would find it "debatable whether the petitioner states a valid claim of the denial of a constitutional right" and "would find it debatable whether the district court was correct in its procedural ruling." *Kenner v. United States*, No. 17-6373, 2018 WL 3968210, at *1 (6th Cir. May 10, 2018) (quoting *Slack v. McDaniel*, 529 .S. 473,

484 (2000)). Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court declines to issue a certificate of appealability in this case.

An appropriate order will be filed herewith.

ENTER this 26th day of November 2018.

_____
Aleta A. Trauger
United States District Judge